UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE SIMMONS,

                Plaintiff,                             Hon. Paul L. Maloney

v.                                                Case No. 1:21-cv-896

PAUL K. BEARDSLEE, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action October 21, 2021, against attorney James Reed and Calhoun County District Judge, the Honorable Paul K. Beardslee.   (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

On or about December 6, 2019, Plaintiff initiated in state court an action against James Doeling, Alicia Prentler, and Chris Bitgood, which was subsequently removed to this Court.   *Simmons v. Doeling*, case no. 1:20-cv-08, ECF No. 1 (W.D. Mich.).   Following removal, the claims against Doeling and Prentler were dismissed and the matter remanded to state court.   (*Id.* at ECF No. 26).   Plaintiff alleges that

1

following remand, the matter was assigned to Judge Beardslee.  Plaintiff further asserts that Chris Bitgood, the remaining defendant, is represented by attorney James Reed.  Plaintiff initiated the present action alleging that Judge Beardslee and attorney Reed violated his rights during the course of his litigation against Bitgood.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint□s allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a

> motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The gravamen of Plaintiff's complaint is that attorney Reed has not complied with the Michigan Court Rules and has advocated for his client by advancing arguments and positions with which Plaintiff disagrees.   Thus, Plaintiff alleges that Reed and Judge Beardslee have improperly delayed the resolution of his claim against Defendant Bitgood.   Plaintiff alleges that Defendants' actions violate his First and Fourteenth Amendment rights as well as various other provisions of state and federal law.   Plaintiff also alleges that Defendants' conduct violates federal criminal law.

First, to the extent Plaintiff seeks to impose criminal liability on Defendants, such must be dismissed as Plaintiff possesses no authority to charge individuals with violations of criminal law.   *See, e.g., Lindsay v. Fresard*, 2021 WL 1313234 (E.D. Mich., Apr. 8, 2021).   To the extent Plaintiff seeks to advance a civil claim based on his allegations that Defendants violated 18 U.S.C. §§ 241 and 242, such must be dismissed as neither statute affords Plaintiff a private right of action.   *See, e.g., Miller v. Akron Bar Association, Attorney Referral*, 2019 WL 2717964 at *1 (N. D. Ohio, June 28, 2019).

3

To the extent Plaintiff seeks to impose civil liability against Judge Beardslee such claims must be dismissed because Judge Beardslee enjoys absolute judicial immunity. *See, e.g., Lawrence v. Pelton*, 413 F.Supp.3d 701, 710 (W.D. Mich. 2019).    Finally, with respect to Defendant Reed, Plaintiff has failed to allege facts which, if proven, allege a plausible claim for relief.    While the Court is not unsympathetic to Plaintiff's frustration at the pace and/or result of his state court matter, Plaintiff has failed to allege facts establishing that Reed has violated his rights under federal or state law.

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).    Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

4

Respectfully submitted,

Date:   October 29, 2021                    /s/Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge

5