UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE SIMMONS,            )<br>          Plaintiff,        )<br>                                )<br>v.                              )<br>                                )<br>PAUL K. BEARDSLEE, et al.,   )<br>          Defendants.      )<br>_____) | No. 1:21-cv-896<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on October 29, 2021(ECF No. 7). Because Plaintiff was permitted to proceed as a pauper (ECF No. 6), Magistrate Judge Green reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. The R&R recommends dismissal of Plaintiff's complaint. Plaintiff was given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and he subsequently filed several objections (ECF No. 9). Because this Court agrees that Plaintiff's complaint fails to state a claim, the Court will dismiss this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo

review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review. On review of the record, the R&R is adopted over Plaintiff's objections. Plaintiff first objects to Magistrate Judge Green's authority to review his complaint under § 1915(e)(2). He appears to mistakenly believe that § 1915(e)(2) only applies to review of prisoner complaints, and not to proceedings in forma pauperis in general. Section § 1915, which is titled "Proceedings in forma pauperis," states:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal--
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). This section clearly permits courts to dismiss cases brought by plaintiffs proceeding in forma pauper, and not just to prisoners' complaints. This objection is overruled.

Plaintiff next objects by arguing that Magistrate Judge Green "silently advocate[d] for Defendants with the intent of attempting to get the civil case dismissed on a false technicality" (ECF No. 9 at PageID.113). Recommending to dismiss a frivolous complaint is not "advocating" for the defendants. Rather, it is procedurally required under § 1915(e)(2). This objection is also overruled.

Next, Plaintiff argues that his complaint should not be dismissed because it plausibly alleges facts that support an award of relief. This objection is overruled based on the reasoning in the R&R. The basis of Plaintiff's complaint is that Defendants—attorney Reed and Judge Beardslee of Calhoun County—violated his constitutional rights during the proceedings of a case that Plaintiff has pending in Calhoun County. Judge Beardslee is the presiding judge in that case, and attorney Reed is opposing counsel. The R&R explained that Plaintiff possesses no authority to impose criminal liability on Defendants, that his civil claims under 18 U.S.C. §§ 241 and 241 are improper because the do not afford a private right of action, and that Judge Beardslee is entitled to absolute immunity. Thus, none of Plaintiff's claims were meritorious. The Court agrees with the R&R and finds that Plaintiff's complaint is frivolous.

Plaintiff's last objection is that his claim against Judge Beardslee should not be dismissed because he is suing Judge Beardslee in his individual capacity and not in his official capacity. However, Plaintiff's complaint is based upon facts and alleged violations of law that occurred during his litigation in front of Judge Beardslee. He is clearly suing Judge Beardslee in his official capacity as a state judge, for which he enjoys absolute immunity. This objection is thus overruled.

Given that there are no errors in the magistrate judge's analysis and Plaintiff has failed to state a claim upon which relief can be granted, the Court will adopt the R&R and dismiss this matter. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 7) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff has failed to state a claim upon which relief can be granted, and this matter is **TERMINATED.**

Judgment to follow.

**IT IS SO ORDERED.**

Date: December 3, 2021                             /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge

4